IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )       Chapter 7
DOUGLAS ERNEST PUSTEOSKA,       )
KYLEE ANN PUSTEOSKA             )
     Debtors.                   )       Bankruptcy No. 04-03715
------------------------------
SHERYL L. SCHNITTJER,           )
TRUSTEE,                        )
                                )
     Plaintiff,                 )       Adversary No. 05-9012
                                )
     vs.                        )
                                )
CHELSEA SAVINGS BANK,           )
                                )
     Defendant.                 )
```

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

On April 8, 2005, the above-captioned matter came on for hearing on Plaintiff's Motion for Summary Judgment. Trustee/Plaintiff Sheryl Schnittjer appeared by Attorney Joe Peiffer.  Defendant Chelsea Savings Bank appeared by Attorney Ray Terpstra.  The matter was argued after which the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

Trustee filed the above-captioned complaint to determine the status of the Bank's lien on a motor vehicle owned by Debtors Douglas and Kylee Pusteoska.  Trustee seeks a determination that the Bank does not have a valid lien on Debtors' 2002 Dodge pickup.  Trustee further requests that this Court enter an order requiring the Bank to release its lien on the title.

The uncontested facts establish that Defendant Chelsea Savings Bank is a creditor of Debtors and claims a security interest in Debtors' 2002 Dodge pickup truck.  In January 2002, the Bank made a loan to Debtor Douglas Pusteoska for the purchase of this pickup.  In so doing, a security agreement was executed.  The uncontested record also reflects that Chelsea Savings Bank did not perfect its lien on the pickup until August 2002.  Trustee argues that it is established law in this District that, at the time of this transaction, a

valid lien did not attach if the creditor did not have its lien noted on the title of the vehicle within 30 days of the taking of the security interest.

The law on this issue is set out in <u>In re Orcutt</u>, 280 B.R. 837, 839 (Bankr. N.D. Iowa 2002). <u>Orcutt</u> avoids a lien which was not timely perfected under the version of Iowa Code sec. 321.50(6) which is also applicable in this case.

Summary judgment must be granted when there are no facts in controversy and the matter can be decided as a matter of law. In the present instance, the law has been clearly set out establishing that failure to file the proper lien documents within 30 days prevents the lien from attaching to the vehicle in question. The Court, upon examining the present factual situation, makes the determination that the facts in this case are controlled by the foregoing law. As such, Trustee's summary judgment must be granted.

**WHEREFORE**, Trustee's Motion for Summary Judgment is GRANTED.

**FURTHER**, the Court finds, as a matter of law, that Chelsea Savings Bank does not have a lien on Debtors' 2002 Dodge pickup truck.

**FURTHER**, the Court directs that Chelsea Savings Bank forthwith release its lien on the title to Debtors' 2002 Dodge pickup truck.

Dated and Entered  April 12, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE